**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GABRIEL PLUMMER** , | : | **CIVIL ACTION NO. 1:11-CV-0296** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **TONY IANNUZZI, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Gabriel Plummer ("Plummer"), an inmate incarcerated at the State

Correctional Institution at Mahanoy, Frackville, Pennsylvania ("SCI-Mahanoy"),

commenced this civil rights action on February 11, 2011, naming as defendants the

following SCI-Mahanoy employees: Tony Iannuzzi, Physician's Assistant

("Ianuzzi"); Marva J. Cerullo, Corrections Health Care Administrator ("Cerullo"); S.

Miller, Grievance Coordinator ("Miller"); Kerestes, Superintendent ("Kerestes");

and, Dorina Varner, Chief Grievance Officer ("Varner").  (Doc. 1.)  Plummer moves

to proceed in forma pauperis.  (Doc. 2.)  Obligatory preliminary screening reveals

that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

However, Plummer will be afforded the opportunity to file an amended complaint.

**I.    Allegations of the Complaint**

Without providing any dates or reference to time, Plummer alleges that he

was diagnosed with "sclerosis," which is causing him pain.  (Doc. 1, at 2.)  He

indicates that he visited the medical department and advised defendant Iannuzzi of

his diagnosis and Iannuzzi refused to provide him with "the right treatment."  (Id.)

Thereafter, he filed a grievance and allegedly, defendants Miller and Kerestes refused to properly investigate and rectify the matter. (Id.) No allegations are lodged against Cerullo and Varner. Plummer merely identifies Cerullo as the Corrections Health Care Administrator, and Varner as the Chief Grievance Officer.

## II.  **Standard of Review**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949. The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Iqbal, --- U.S. ----, 129 S.Ct. at 1949. Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the

case." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); <u>see also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. <u>Discussion</u>

In order to prevail on a civil rights claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Nicini v. Morra</u>, 212 F.3d 798, 806 (3d Cir. 2000); <u>Schiazza v. Zoning Hearing Bd.</u>, 168 F. Supp.2d 361, 372 (M.D. Pa. 2001). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d Cir. 1988); <u>see also</u>, <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>see</u> <u>Atkinson v. Taylor</u>, 316 F.3d 257 (3d Cir. 2003); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976).

### A. <u>Medical Care</u>

In order to state an Eighth Amendment medical claim upon which relief may be granted, the plaintiff must allege that the defendant acted with deliberate indifference to his serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976). However, "[o]nly 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." <u>White v. Napoleon</u>, 897 F.2d 103,

3

108-09 (3d Cir. 1990)(quoting <u>Estelle</u>, 429 U.S. at 103).  Allegations of medical

malpractice are not sufficient to establish a constitutional violation.  <u>Id.</u>

Furthermore, "mere disagreement as to the proper medical treatment" does not

support an Eighth Amendment claim.  <u>Monmouth Cnty Corr. Institutional Inmates</u>

<u>v. Lanzaro</u>, 834 F.2d 326, 346 (3d Cir.1987).

As stated, it appears that Plummer did not suffer a denial of medical

treatment but, rather, was dissatisfied with the treatment he received from

Iannuzzi in that it was not "the right treatment."  (Doc. 1, at 2.)  There are no

allegations against Cerullo.  Consequently, the complaint against medical

defendants, Iannuzzi and Cerullo, is subject to dismissal.

B.     <u>Prison Grievance System</u>

Inmates do not have a constitutional right to a prison grievance system.  <u>See</u>

<u>Jones v. North Carolina Prisoners' Labor Union, Inc.</u>, 433 U.S. 119, 137-138, (1977);

<u>Speight v. Sims</u>, 238 Fed. App'x 880, 881 (3d Cir. 2008) (citing <u>Massey v. Helman</u>, 259

F.3d 641, 647 (7th Cir.2001) ("[T]he existence of a prison grievance procedure

confers no liberty interest on a prisoner.")  Further, participation in the

after-the-fact review of a grievance or appeal is insufficient to establish personal

involvement on the part of those individuals reviewing grievances.  <u>See</u> <u>Rode</u>, 845

F.2d at 1208 (finding the filing of a grievance is not enough to show the actual

knowledge necessary for personal involvement); <u>Brooks v. Beard</u>, 167 Fed. App'x.

923, 925 (3d Cir.2006) (holding that a state prisoner's allegation that prison officials

and administrators responded inappropriately, or failed to respond to a prison

grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); Croom v. Wagner, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement); Presly v. Blaine, No. 01-2468, 2006 U.S. Dist. LEXIS 30151, at *17 (W.D.Pa. May 17, 2006) (" '[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern." (citing Garfield v. Davies, 566 F. Supp. 1069, 1074 (E.D. Pa.1983))).

It is clear that defendants Kerestes, Miller, and Varner were not personally involved in the underlying alleged unconstitutional conduct and their review of Plummer's grievances is insufficient to establish personal involvement. Consequently, the complaint is also subject to dismissal as to these defendants.

**IV.** **Leave to Amend**

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The

United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. <u>See</u> <u>Foman</u>, 371 U.S. at 182;  <u>see also</u> <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); <u>see also</u> <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); <u>Alvin v. Suzuki</u>, 227 F.3d 107, 121 (3d Cir.  2000) (summarizing factors to consider under Rule 15).  Because plaintiff may be able to cure the deficiencies of his Eighth Amendment claim, he will be afforded the opportunity to file an amended complaint.  Conversely, since his is unable to cure the deficiencies with respect to the claim involving the prison grievance system allowing an amendment as to this claim would be futile.

## V.     <u>Conclusion</u>

Based on the foregoing, plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). However, he will be afforded the opportunity to amend his Eighth Amendment medical claim. An appropriate order follows.

       <u>S/ Christopher C. Conner</u>
CHRISTOPHER C. CONNER
United States District Judge

Dated:     February 25, 2011

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GABRIEL PLUMMER ,            :     **CIVIL ACTION NO. 1:11-CV-0296**
                                       :
            **Plaintiff**      :     **(Judge Conner)**
                                         :
      **v.**                          :
                                       :
**TONY IANUZZI**, et al.,        :
                                       :
         **Defendants**     :

## ORDER

AND NOW, this 25th day of February, 2011, upon consideration of plaintiff's complaint (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's motion to proceed without full prepayment of the filing fee (Doc. 2) is granted, and the complaint is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to CLOSE this case.

3. Plaintiff may FILE an amended complaint to cure the deficiencies of his eighth amendment claim on or before March 25, 2011. The amended complaint shall carry the same civil docket number (1:11-CV-0296) presently assigned to this matter.

4. The amended complaint shall be a short, plain, and concise statement of the medical claim and shall be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. FED. R. CIV. P. 8(e)(1).

5. If plaintiff chooses to amend his complaint, and the amended complaint cures the deficiencies, the matter will be reopened by order of court.

6. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

\

                                   _S/ Christopher C. Conner_
                                   CHRISTOPHER C. CONNER
                                   United States District Judge