IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GABRIEL PLUMMER ,** | : | **CIVIL ACTION NO. 1:11-CV-0296** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **TONY IANNUZZI, et al.,** | : | |
| **Defendants** | : | |

## **MEMORANDUM**

Plaintiff Gabriel Plummer, ("Plummer"), a state inmate presently incarcerated at the State Correctional Institution at Mahanoy ("SCI-Mahanoy"), Frackville, Pennsylvania, commenced this civil rights action against Tony Iannuzzi, P.A. ("Iannuzzi") and Marva J Cerullo, CHCA ("Cerullo") on February 11, 2011. (Doc. 1.) Although the complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2(B)(ii) on February 25, 2011, Plummer was afforded the opportunity to amend the complaint to cure the deficiencies that resulted in the dismissal. (Doc. 6) He took advantage of this opportunity by filing an amended complaint on May 11, 2011. (Doc. 10.) Ripe for disposition are motions to dismiss Plummer's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of both defendants. (Docs. 19, 20.) For the reasons set forth below, the motions will be deemed unopposed and granted.

I.     **Procedural Background**

On August 5, 2011, motions to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), were filed on behalf of both defendants. (Docs. 19, 20.)  Plummer failed to oppose the motions.  On September 27, 2011, he was directed to file briefs in response to defendants' motions to dismiss on or before October 11, 2011.  (Doc. 23).  He was cautioned that his failure to timely file responsive briefs would result in the motions being deemed unopposed.  (Id.)  The deadline has passed and Plummer has failed to oppose the motions.  Consequently, the motions are deemed unopposed.

II.    **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 556 U.S. 662, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S.Ct. at 1948.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other

3

> words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of a pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III. **Allegations of Amended Complaint**

Plummer alleges that on September 22, 2004, he was diagnosed with Scoliosis[1] and mild low back pain. (Doc. 10, at 1, ¶ 11.) When he was first committed to the custody of the Pennsylvania Department of Corrections ("DOC") on February 5, 2006, he made medical staff aware of his medical history, including his Scoliosis diagnosis. (Id. at ¶¶ 14, 16.)

---

[1] Scoliosis is a sideways curvature of the spine that occurs most often during the growth spurt just before puberty. See http://www.mayoclinic.com/health/scoliosis/DS00194.

He alleges that since he has been incarcerated at SCI-Mahanoy, defendant Iannuzzi has ignored his requests for treatment for Scoliosis and defendant Cerullo has failed to intervene, "dispite [sic] Plaintiff providing her with his medical records documenting his diagnosis and treatment of scoliosis prior to his incarceration." (Doc. 10, at 2, ¶¶ 17-22.)

## IV.   Discussion

Defendants move to dismiss the amended complaint on the ground that Plummer failed to properly exhaust his claims through the administrative review process. (Docs. 19, 20.) Because a prisoner's failure to exhaust is an affirmative defense, Jones v. Bock, 549 U.S. 199, 216 (2007), a defendant may, "in appropriate cases," move to dismiss the complaint on that basis.[2] Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[2] The verification of Scott Miller, which was submitted by defendants in support of the motion to dismiss, will not be relied upon in considering the motion to dismiss. (Doc. 21-1, at 2-4.)

5

42 U.S.C. §1997e(a). Under the PLRA, a prisoner must exhaust all available administrative remedies before raising claims under § 1983 concerning prison conditions. See 42 U.S.C. § 1997e(a). To meet this requirement, a prisoner must properly exhaust his administrative remedies. Woodford v. Ngo, 548 U.S. 81 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." Id. at 90-91. "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71.

Under the DOC's grievance procedure, an inmate must file a grievance with the Facility Grievance Coordinator within fifteen working days of the alleged event(s) at issue. (Pa. Dep't of Corr. Policy Statement, DC-ADM 804, Part VI.A.8.) Once a decision is issued, the inmate generally has ten working days to appeal to the prison's Facility Manager. (Id. at Part VI.C.1, 2.) After the Facility Manager issues a decision, the inmate generally has fifteen working days to file a final appeal with the Office of Inmate Grievances and Appeals. (See id. at Part VI.D.1.)

Plummer filed four grievances concerning inadequate medical care, Grievance Numbers 330077, 332746, 338334 and 341029. He filed Grievance Number 330077 complaining of inadequate treatment of back pain and problems

with his feet on August 5, 2010.  (Doc. 21-1, at 6-7.)  The grievance was denied as frivolous on August 13, 2010, because Plummer had not sought medical treatment on the date he contended he was denied medical care.  (Id. at 8.)  His appeal to the Superintendent was denied on September 3, 2010.  (Id. at 10.)  On November 30, 2010, his appeal to the Secretary's Office of Inmate Grievances and Appeals was dismissed because he failed to provide the office with required documentation for proper review.  (Id. at 11.)

He filed Grievance Number 332746 later that same month, also complaining of severe back pain and problems with his feet.  (Doc. 21-1, at 13.)  It was noted in the grievance response that he had received prescription medication and that an x-ray was normal and showed no curved spine.  (Id. at 14.)  He was directed to follow-up with sick call as needed.  (Id.)  On November 30, 2010, his appeal to the Secretary's Office of Inmate Grievances and Appeals was dismissed because he failed to provide the office with required documentation for proper review.  (Id. at 11.)

On October 8, 2010, he filed Grievance Number 338334 complaining that he was not receiving the proper treatment for his back problem and that the prescription medication was not relieving his pain.  (Doc. 21-1, at 17.)  He also complained about his feet.  The grievance was rejected on October 12, 2010, because "[g]rievances based upon different events shall be presented separately." (Id. at 18.)  His appeal to the final level was rejected because he did not provide the office with the proper documentation.  (Id. at 19.)

Thereafter, on October 30, 2010, he filed Grievance Number 341029 complaining that the medical staff was not qualified to treat his Scoliosis and that he wanted an opinion from a qualified back specialist. (Doc. 21-1, at 21.) The grievance was denied on the basis that the issue had been addressed by previous grievances. (Id. at 22.) His appeal to final review was rejected because it was not timely submitted and did not include the proper documentation. (Id. at 25.)

All four grievances filed by Plummer were rejected at the final level of appeal because he either failed to submit required documentation or failed to file his grievance appeal in a timely fashion. Hence, the claims against defendants Iannuzzi and Cerullo are unexhausted and the amended complaint is subject to dismissal.

**IV.   Conclusion**

Based on the foregoing, defendants' motions to dismiss the amended complaint (Docs. 19, 20) will be granted.

An appropriate Order accompanies this Memorandum.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     October 19, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GABRIEL PLUMMER ,** | : | **CIVIL ACTION NO. 1:11-CV-0296** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **TONY IANNUZZI**, et al., | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 19th day of October, 2011, upon consideration of defendants' motions to dismiss plaintiff's amended complaint (Docs. 19, 20), it is hereby ORDERED that:

1. The motions to dismiss plaintiff's amended complaint (Docs. 19, 20) are DEEMED unopposed and GRANTED and the amended complaint is DISMISSED in its entirety.

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                             S/ Christopher C. Conner
                                             CHRISTOPHER C. CONNER
                                             United States District Judge